IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MELISIA CREEL, Individually and on Behalf
of the Wrongful Death Statutory Beneficiaries of
Ray Creel, Deceased                                                    PLAINTIFF

v.                                               CIVIL ACTION NO.: 1:09-CV-00161-GHD-DAS

HARTFORD ACCIDENT & INDEMNITY
COMPANY                                                      INTERVENOR PLAINTIFF

v.

KONECRANES, INC. d/b/a Crane Pro Services                              DEFENDANT


LEAD CASE CONSOLIDATED WITH


MELISIA CREEL, Individually and on Behalf
of the Wrongful Death Statutory Beneficiaries of
Ray Creel, Deceased                                                    PLAINTIFF

v.                                               CIVIL ACTION NO.: 1:11-CV-00086-GHD-DAS

KONECRANES, INC. d/b/a Morris Material Handling                        DEFENDANT


## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendants' motion for summary judgment [135 in 1:09-CV-00161-GHD-DAS; 81 in 1:11-CV-00086-GHD-DAS]. Upon due consideration, the Court finds that the motion should be granted in part and denied in part.

*A. Factual and Procedural Background*

On April 11, 2008, Decedent Ray Creel ("Decedent") and Tim Inmon, both employees at the Mueller Copper Tube plant in Fulton, Mississippi, were assigned to install a new security

1

camera on the indoor ceiling of the Mueller facility. To access that area of the ceiling, the two climbed a ladder onto an overhead crane. After Decedent and Inmon performed their work, they returned to the service platform of the crane and rode back toward the ladder, facing the direction of travel with their backs to the high-speed rotating shaft. At this point, the lanyard attached to Decedent's safety harness caught in the rotating shaft. Decedent died from the injuries he sustained in the accident.

Plaintiff Melisia Creel ("Plaintiff"), who is Decedent's widow, brings this action asserting strict product liability claims, as well as a negligence claim. The subject crane was originally manufactured by Shepard Niles, a Defendant which has been dismissed from the case. In 1998, the span of the crane was modified to fit the rails of the Mueller facility by lengthening the drive shaft that moves the crane. The drive shaft was lengthened by adding sections of drive shaft and coupling them together with a bolted sleeve. Plaintiff alleges that the modifier of the crane installed bolts on a then-new drive shaft coupler that were longer than necessary, because the bolts protruded slightly, allegedly creating a dangerous "snag" condition on the service platform. The parties agree that Defendants did not perform these modifications to the crane, and that the parties cannot identify which entity did make the modifications to the crane. Plaintiff alleges that the accident resulting in Decedent's death occurred because Defendants failed to identify the unguarded, longer bolts as a snag hazard in their annual OSHA inspections of the crane, and that it was foreseeable that Decedent, as well as other employees, would ride the crane to perform work at the facility. Defendants have now filed a motion for summary judgment contending that Plaintiff's claims fail as a matter of law and thus that judgment as a matter of law is proper on all claims.

*B. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F.

3

App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th

Cir. 2007)).

### C. Analysis and Discussion

Defendants argue the following in support of summary judgment on Plaintiff's claims:

(1) Plaintiff's strict products liability claims fail because the parties agree that Defendants did not

perform the modifications to the crane; (2) Plaintiff presents insufficient proof that the

protruding bolts caused the accident; and (3) Plaintiff's negligence claim fails because

Defendants had no duty to inspect the crane with respect to conditions outside normal operating

conditions, such as riding the crane, and thus Defendants were not negligent in not identifying

and reporting the protruding bolts in their OSHA inspections.

With respect to Defendants' first argument, it appears to the Court that Plaintiff has

abandoned her strict products liability claims against Defendants, as she does not address these

claims in her response to Defendants' motion for summary judgment. The Court further notes

that it is an undisputed fact that Defendants did not perform the modifications to the crane and

that the parties cannot identify what entity did perform the modifications. For these reasons, the

Court finds that summary judgment is appropriate on Plaintiff's strict products liability claims.

Defendants' second argument is that Plaintiff has presented insufficient evidence that

Decedent's lanyard or harness snagged on the longer bolts, versus the modified coupling on the

shaft. The Court finds that Plaintiff's evidence on this point raises genuine disputes of fact. As

an example, Plaintiff cites the deposition testimony of employees and Plaintiff's liability expert

supporting that Decedent's lanyard or harness was caught on protruding bolts which extended

approximately one inch above the surface of the nuts on the crane. Thus, summary judgment is

not appropriate on this issue.

Defendants' third argument is that Plaintiff's negligence claim fails as a matter of law because (1) Defendants' legal duty during their OSHA inspections was limited to reporting OSHA or ASME safety hazards that might occur during normal operating conditions of the crane; (2) normal operating conditions of the crane include use of the crane to lift and carry loads with no person riding on the crane and the operator standing on the plant floor using the remote control box; (3) normal operating conditions do not include a person riding on the catwalk area of the crane, an action which is in violation of the operator's manual, OSHA standards, and ASME standards; (4) Defendants' OSHA inspections covered all normal operating conditions; and (5) Decedent was riding on the catwalk area of the crane—thus not engaged in a normal operating condition—when the fatal accident occurred.

Viewing the facts and inferences in favor of Plaintiff, the Court finds that Plaintiff raises genuine factual disputes that preclude summary judgment on the negligence claim. First, it is undisputed that Defendants conducted annual OSHA inspections of the subject crane. Second, Plaintiff has submitted an affidavit and expert report by Russ Rasnic, who Plaintiff maintains has a background in mechanical engineering and experience with OSHA regulations. Rasnic states that it was foreseeable that employees, including Decedent, would ride the crane to perform some of the work at the facility, and thus that the crane was being operated in a foreseeable, expected manner that did not constitute an OSHA violation at the time of the fatal accident. *See* Rosnic Aff. [141-1] ¶ 12. Rosnic further states that certain bolts in a coupling on the crane protruded slightly, allegedly creating a dangerous "snag" condition on the service platform of the crane. Rasnic states that the protruding bolts constituted violations of OSHA regulations and other crane regulations, and Defendants' duty in their OSHA inspections included identifying the

5

unguarded, longer bolts on the crane as a snag hazard, which Defendants failed to do. Rasnic Report [141-2] at 4.

The Court finds that Plaintiff has highlighted the existence of genuine disputes of material fact as to whether Defendants negligently performed these inspections of the crane, and as to whether the alleged negligent inspection proximately caused the accident resulting in Decedent's death, and thus that summary judgment is precluded on the negligence claim.

## D. Conclusion

In sum, Defendants' motion for summary judgment **[135 in 1:09-CV-00161-GHD-DAS; 81 in 1:11-CV-00086-GHD-DAS]** is GRANTED IN PART AND DENIED IN PART. Defendants' motion is GRANTED as to Plaintiff's strict liability claims, and the same are DISMISSED WITH PREJUDICE. Defendants' motion is DENIED as to Plaintiff's negligence claim, which shall remain viable.

A separate order in accordance with this opinion shall issue this day.

THIS, the _____ day of April, 2013.

_____
SENIOR JUDGE

6